[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11814
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01544-AT

SUZANNE STEELE,

Plaintiff-Appellant,

versus

SEARS ROEBUCK AND CO.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 7, 2017)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Suzanne Steele was an employee of Sears Roebuck and Co. for several years.  She was terminated in 2009 and filed this lawsuit in 2013.  Steele raised a number of claims in her complaint, including a claim that Sears terminated her based on her age in violation of the Age Discrimination in Employment Act (ADEA).  The district court granted summary judgment to Sears on all of Steele's claims, except for her ADEA claim.  The court held a two-day bench trial on the ADEA claim, after which the court issued a final judgment in Sears's favor.  Steele, now proceeding pro se, appeals the final judgment.[1]  She argues that the district court erred in (1) finding that Sears terminated her for a reason other than age and (2) excluding the testimony of her proposed expert.

After careful consideration of the parties' briefs and the record, we find that the district court committed no reversible error.  First, taking into account all the evidence, the district court did not clearly err in finding that Sears terminated Steele for a reason other than age.[2]  *See Crystal Entm't & Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1319 (11th Cir. 2011) ("After a bench trial, we review the district court's . . . factual findings for clear error."  (internal quotation marks omitted)).  Second, we cannot conclude that the district court abused its discretion

---

[1] Even construing Steele's pro se brief liberally, *see Tannenbaum v. United* States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), the brief does not contest the findings upon which the district court's summary judgment decision was based.  Steele has therefore abandoned any challenge to the decision.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–83 (11th Cir. 2014).

[2] To the extent that Steele challenges any of the district court's other factual findings, we conclude that such findings were not clearly erroneous.

in excluding the testimony of Steele's proposed expert.  *See General Elec. Co. v. Joiner*, 522 U.S. 136, 141, 118 S. Ct. 512, 515 (1997) (holding that the abuse-of-discretion standard is the appropriate standard for reviewing a district court's decision to exclude expert testimony).  The proposed testimony was not relevant given that it concerned damages for emotional distress—damages that are not available under the ADEA.  *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348 (11th Cir. 2000).

**AFFIRMED.**